IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RAY GENE STOUT                                                          PETITIONER


v.                              NO. 2:04CV00197 JLH/JFF


LINDA W. SANDERS,
Warden, FCI Forrest City,
Arkansas                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States

District Court Judge J. Leon Holmes. Any party may serve and file written

objections to this recommendation. Objections should be specific and should

include the factual or legal basis for the objection.  If the objection is to a factual

finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the

office of the United States District Court Clerk no later than eleven (11) days from

the date of the findings and recommendations. The copy will be furnished to the

opposing party.  Failure to file timely objections may result in waiver of the right

to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petitioner's petition for writ of habeas corpus petition pursuant to 28 U.S.C. § 2241.

In 1978, Petitioner was convicted in the United States District Court for the Eastern District of Missouri of violating 18 U.S.C. §§ 2113(a) and 2113(b).  He was

sentenced to a term of twenty-three years imprisonment.  Petitioner's conviction was affirmed on appeal.  United States v. Stout, 599 F.2d 866 (8th Cir. 1979).  In 1992, Petitioner filed a motion in the sentencing court pursuant to 28 U.S.C. § 2255 to vacate, set side, or correct sentence.  On September 29, 1994, the district court denied the petition.  The Eighth Circuit subsequently affirmed the decision of the district court. Stout v. United States, 81 F.3d 166 (8th Cir. 1996).

On November 15, 2004, Petitioner, while incarcerated at FCI, Forrest City, Arkansas, filed this § 2241 petition alleging the following grounds for relief:

1.  His parole was revoked in violation of the Fifth Amendment because:

a.  his parole should have terminated prior to the revocation of his parole when he was not allowed a hearing within five years of being released from prison on parole; and

b.  the Parole Commission sentenced him to "every month [it] could give upon revocation, which exceeded [the Commission's] own legal limit";

2.  His right to due process was violated because after the State of Missouri removed him from federal custody and took him to court in Audrain County, Missouri, and returned him to federal custody, the State of Missouri, by and through Judge John J. Jackson, in violation of Alabama v. Bozeman,[1] ordered that Petitioner again be transferred to Missouri custody, and the Federal Bureau of Prisons then illegally transferred him to Missouri authorities; and

3.  His right to due process was violated because after the State of Missouri removed him from federal custody and took him to court in Ralls County, Missouri, and returned him to federal custody, the State of Missouri, in violation of Alabama v. Bozeman, ordered that Petitioner again be transferred to Missouri custody, and the Federal Bureau of Prisons then illegally transferred him to Missouri authorities.

---

[1]  533 U.S. 146 (2001).

Petitioner has attached to his petition a copy of a "Nolle Prosequi" filed in the Circuit Court of Audrain County, Missouri, on August 27, 2001, dismissing the criminal case against Petitioner in State v. Stout, CR200-548FX.  In the "Nolle Prosequi," the prosecutor stated that on June 27, 2001, Petitioner was transported from federal custody to Audrain County, Missouri for a bench trial in the Circuit Court of Audrain County, that Petitioner invoked his right to a trial by jury, and that he was returned to federal custody, while the case was reset for a jury trial. The prosecutor further stated the United States Supreme Court had recently ruled, in Alabama v. Bozeman, that pursuant to "the Uniform Agreement on Detainers," dismissal was required because Petitioner was returned to federal custody before trial was had.

State court records from Missouri, of which this Court takes judicial notice,[2] indicate that on July 20, 2002, Petitioner was convicted in the Circuit Court of Ralls County, Missouri, of stealing and first degree tampering.  He was sentenced to seven years imprisonment, the sentence to run consecutively to his federal sentence.   After sentencing, Petitioner was returned to federal custody to serve the remainder of his federal sentence.  On January 14, 2004, the Sheriff of Ralls County, at the request of Ralls County Circuit Judge John J. Jackson, filed a detainer with FCI, Forrest City, where Petitioner was incarcerated.

On December 31, 2004, Petitioner was released on parole from FCI, Forrest

---

[2]  See Kowalski v. Gagne, 914 F.2d 299, 305-06 (1st Cir. 1990) (federal courts may take judicial notice of proceedings in and records of other courts, including records concerning criminal convictions); Robinson v. Leapley, 26 F.3d 826, 830 n. 4 (8th Cir. 1994) (finding that trial court's taking judicial notice of prior convictions was not improper).

City, and transferred to Missouri pursuant to the Ralls County detainer.  Petitioner is currently incarcerated in the Moberly Correctional Center in Moberly, Missouri, as a result of the July 2002 judgment of conviction entered in the Circuit Court of Ralls County.  His federal sentence has not expired.

In response to Petitioner's § 2241 petition, the Respondent asserts that the petition should be dismissed because this Court no longer has jurisdiction over Petitioner's custodian.

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711, 2722 (2004) (quoting 28 U.S.C. § 2241(a)).  "[A] district court acts 'within [its] respective jurisdiction' within the meaning of § 2241 as long as 'the custodian can be reached by service of process.'" Rasule v. Bush, 542 U.S. 466, 124 S. Ct. 2686, 2695 (2004) (quoting Braden v. 30th Judicial Circuit of Ky., 410 U.S. 484, 494-95 (1973)). The language of § 2241(a) requires "'nothing more than that the court issuing the writ have jurisdiction over [the petitioner's] custodian.'" Rumsfeld, 124 S. Ct. at 2722 (quoting Braden, 410 U.S. at 495).  "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." Rumsfeld, 124 S. Ct. at 2723 (citing Schlanger v. Seamans, 401 U.S. 487 (1971)); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Lee v. United States, 501 F.2d 494, 500-501 (8th Cir. 1974).  "Braden in no way authorizes a district court to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." Rumsfeld, 124 S. Ct. at 2723. Once a district court acquires jurisdiction over a habeas petition, the removal of the

petitioner from the territorial confines of the district does not cause the court to lose its jurisdiction so long as an appropriate respondent with custody remains within the district. <u>Jones v. Cunningham</u>, 371 U.S. 236, 243-44 (1963) (citing <u>Ex parte Endo</u>, 323 U.S. 282, 304-07(1944)); <u>Rumsfeld</u>, 124 S. Ct. at 2721 ("<u>Endo</u> stands for the important but limited proposition that when the Government moves the habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); <u>Copley v. Keohane</u>, 150 F.3d 827, 830 (8th Cir. 1998) (citing <u>Jones v. Cunningham</u>, 371 U.S. at 243-44); <u>Jensen v. Flatley</u>, 539 F. Supp. 1155, 1156 (N. D. Ill. 1982) (citing <u>Jones v. Cunningham</u>, 371 U.S. at 243-44). "'Th[e] objective [of habeas relief] may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court.  That end may be served and the decree of the court made effective if the respondent who has custody of the [petitioner] is within reach of the court's process.'" <u>Rumsfeld</u>, 124 S. Ct. at  2721 (quoting <u>Endo</u>, 323 U.S at 307).

Where a prisoner challenges present physical confinement, the prisoner's custodian is normally only "'the person' with the ability to produce the prisoner's body before the habeas court," i.e, "the warden of the facility where the prisoner is being held." <u>Rumsfeld</u>, 124 S. Ct. at 2717-18. Where a habeas prisoner challenges a form of "custody"' other than present physical confinement, his custodian may be "the entity or person who exercises legal control with respect to the challenged 'custody.'" <u>Id</u>. at 2719-20. The Eighth Circuit has held that where a prisoner who is incarcerated

challenges the action of the United States Board of Parole (now the United States Parole Commission), his custodians are the Board of Parole and the warden of the prison where he is incarcerated. <u>Gravink</u>, 549 F.2d at 1154; <u>Lee</u>, 501 F.2d at 501. Other courts have concluded that where a parolee challenges a decision by the United States Parole Commission, the Parole Commission is the petitioner's custodian. <u>See Dunn v. United States Parole Commission</u>, 818 F.2d 742, 744 (10th Cir. 1987)); <u>Hogan v. Hanks</u>, 97 F.3d 189, 190 (7th Cir. 1996).

Petitioner, who is incarcerated in the Moberly Correctional Center in Moberly, Missouri, challenges the Parole Commission's revocation of his parole and asserts a due process claim alleging that the actions of Missouri and federal authorities relating to his transfer(s) back to Missouri violate <u>Alabama v. Bozeman</u>.[3]  For relief, Petitioner requests that he be immediately released from incarceration, that his federal parole be immediately terminated, that he be immediately released "from any State detainer that the State of Missouri may have on him" and that the "[Missouri] judgment . . . be set aside and the charges dismissed."

The Magistrate Judge finds that Petitioner's custodians for purposes of § 2241 are the Parole Commission, which is located in Chevy Chase, Maryland, and the warden or superintendent of the Moberly Correctional Center in Moberly, Missouri. Neither of these custodians is within the territorial jurisdiction of this Court or within reach of this Court's process, and there is no entity that this Court can order to effect

---

[3]  In <u>Alabama v. Bozeman</u>, the United States Supreme Court held that Article IV(e) of the Interstate Agreement on Detainers bars any further criminal proceedings when a defendant is returned to the original place of imprisonment prior to completion of trial in the receiving state. <u>Alabama v. Bozeman</u>, 533 U.S. at 149-156 .

the relief Petitioner seeks should the writ issue. <u>Gravink</u>, 549 F .2d at 1154.[4]

Accordingly, the Magistrate Judge recommends that the Petitioner's § 2241 petition be

dismissed without prejudice to Petitioner's right to refile his petition in the district where

his custodian is located. <u>See</u> <u>Jensen</u>, 539 F. Supp. at 1156. <u>Cf.</u> <u>Copley</u>,150 F.3d at 830

(citing <u>Jones v. Cunningham</u> and dismissing as moot petitioner's appeal from the

dismissal of his § 2241 petition filed against a warden in the Western District of

Missouri, who at the time of filing was the petitioner's custodian, where petitioner had

been transferred to a facility in Louisiana and was no longer in the custody of anyone

over whom the Eighth Circuit had jurisdiction, "so there [was] no entity that [the Eighth

Circuit could] order to effect [the petitioner's] release should the writ issue").   Before

refiling a habeas petition (i) asserting a claim that the actions of Missouri and federal

authorities relating to his transfer(s) back to Missouri violate <u>Alabama v. Bozeman</u> or

the IAD, or (ii) attacking the Missouri detainer, charges, or judgment of conviction,

Petitioner must exhaust all available Missouri state remedies. <u>See</u> <u>Kearns v. Turner</u>,

837 F.2d 336, 337-38 (8th Cir. 1988); <u>Cain v. Petrovsky</u>, 798 F.2d 1194, 1195 (8th Cir.

1986); <u>Sacco v. Falke</u>, 649 F.2d 634, 635-37 (8th Cir. 1981); <u>Parette v. Lockhart</u>, 927

F.2d 366, 366-67(8th Cir. 1991); <u>Whatley v. Morrison</u>, 947 F.2d 869, 870 (8th Cir. 1991);

---

[4]  In <u>Gravink</u>, the Eighth Circuit held that the Board of Parole, one of the
petitioner's custodians, was not within territorial jurisdiction of the United States District
Court for the Northern District of Iowa inasmuch as there was no regional office of the
Board of Parole located within the jurisdiction of the district court. <u>Gravink</u>, 549 F.2d at
1154 (citing <u>McCoy v. United States Board of Parole</u>, 537 F.2d 962, 964 (8th Cir. 1976)).
There is no regional office of the Parole Commission located within this district.  In fact,
the Parole Commission has apparently closed all its regional offices.  It also should be
noted that Petitioner is not being supervised or monitored by any United States
Probation Officer within this district.  United States Probation Officers function as parole
officers for parolees, monitoring and reporting their activities to the Parole Commission.

<u>Norton v. Parke</u>, 892 F.2d 476, 480-82 (6th Cir. 1989), <u>cert.denied</u>, 494 U.S. 1060 (1990); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

Even if there were a custodian within the reach of this Court's process, Petitioner would not be entitled to relief on his due process claims attacking the actions of Missouri and federal authorities relating to his transfer(s) to Missouri (Claims 2 and 3).[5] In Claim 2,  Petitioner asserts that his right to due process was violated because after the State of Missouri removed him from federal custody and took him to court in Audrain County, Missouri, and returned him to federal custody, the State of Missouri, by and through Judge John J. Jackson, in violation of <u>Alabama v. Bozeman</u>, ordered that Petitioner again be transferred to Missouri custody, and the Federal Bureau of Prisons then illegally transferred him to Missouri authorities.  In Claim 3, Petitioner contends that his right to due process was violated because after the State of Missouri removed him from federal custody and took him to court in Ralls County, Missouri, and returned him to federal custody, the State of Missouri, in violation of <u>Alabama v. Bozeman</u>, ordered that Petitioner again be transferred to Missouri custody, and the Federal Bureau of Prisons then illegally transferred him to Missouri authorities.

Forty-eight States, the Federal Government, and the District of Columbia (which collectively, for simplicity, shall be referred to as "States") have entered into the Interstate Agreement on Detainers ("IAD"), an interstate compact. 18 U.S.C. App. § 2, p. 692.  The IAD "creates uniform procedures for lodging and executing a detainer, *i.e*,

---

[5]     The Magistrate Judge notes that Petitioner's challenge to the revocation of his parole (Claim 1) appears to be at least partially moot.  However, because the issue of mootness is complicated and resolution of the issue is not necessary, the Magistrate Judge declines to address the issue.

a legal order that requires a State in which an individual is currently imprisoned to hold

that individual when he has finished serving his sentence so that he may be tried in a

different State for a different crime." Alabama v. Bozeman, 533 U.S.  at 148. The IAD

"provides for expeditious delivery of the prisoner to the receiving State for trial prior to

the expiration of his sentence in the sending State . . . and "seeks to minimize the

consequent interruption of the prisoner's ongoing prison term." Id.  Article IV(c) of the

IAD specifies that the receiving State shall begin the prisoner's "trial . . . within one

hundred and twenty days of the arrival of the prisoner in the receiving State."  Article

IV(e) sets forth an anti-shuttling provision, prohibiting the return of the individual to the

original place of imprisonment prior to completion of trial in the receiving state. Alabama

v. Bozeman, 533 U.S. at 148-50 (citing Article IV(e)).  If trial is not "had" prior to the

prisoner's being returned to the original place of imprisonment, the charges shall be

dismissed with prejudice. Art IV(e).

In Alabama v. Bozeman, while the defendant was serving a federal prison

sentence in Florida, an Alabama district attorney sought temporary custody of the

defendant to arraign him on state firearm charges and to secure the appointment of

counsel. The defendant was taken to Alabama, spent the night in the county jail,

appeared in court the next morning, obtained counsel, and was transported back to

federal prison in Florida that evening.  About one month later, he was taken back to

Alabama for trial.  His counsel moved to dismiss the Alabama state charges on the

ground that the defendant had been returned to the original place of imprisonment

(federal prison) prior to trial on the Alabama state charges being "had."  Counsel argued

that under Article IV(e) of the IAD, the "local court" was required to enter an order dismissing the charges with prejudice.  The defendant was convicted, and the trial court subsequently denied the defendant's motion for dismissal.  An intermediate State Court of Appeals affirmed the defendant's conviction. The Alabama Supreme Court reversed, holding that the IAD's literal language controlled and required dismissal of the state charges. The United States Supreme Court granted *certiorari* and affirmed the Alabama Supreme Court's decision, holding that the literal language of Article IV(e) of the IAD bars any further criminal proceedings when a defendant is returned to the original place of imprisonment prior to completion of trial in the receiving state.  <u>Alabama v. Bozeman</u>, 533 U.S. at 149-156.

First of all, Petitioner has not alleged sufficient facts for this Court to determine whether the actions of Missouri or federal authorities violated <u>Alabama v. Bozeman</u> and the IAD.  Furthermore, even assuming that there has been a violation of <u>Alabama v. Bozeman</u> and the IAD, such a violation does not rise to the level of a constitutional violation. The United States Supreme Court's decision in <u>Alabama v. Bozeman</u> does not rest on constitutional principles but merely on the language of the IAD. Furthermore, the statutory rights defined in the IAD are not "constitutionally guaranteed rights," <u>Camp v. United States</u>, 587 F.2d 397, 400 (8th Cir. 1978), and a violation of Article IV(e) is not an infringement of a constitutional right. <u>Diggs v. Owens</u>, 833 F.2d 439, 442 (3rd Cir. 1987), <u>cert. denied</u>, 485 U.S. 979 (1988). No constitutional right of petitioner was violated by any action of Missouri or federal authorities with respect to his transfer(s) back to Missouri or by any failure by Missouri or federal authorities to

comply with <u>Alabama v. Bozeman</u> or the IAD.

To the extent Petitioner is claiming that he is entitled to relief simply because of a violation of Article IV(e) of the IAD, the Magistrate Judge finds that relief is not justified in this case.  In <u>Huff v. United States</u>,[6] the Eighth Circuit concluded that where a § 2255 claim rests on a violation of Article IV(e) of the IAD, "the alleged error must be 'a fundamental defect which inherently results in a complete miscarriage of justice' and must present 'exceptional circumstances where the need for the remedy afforded by the writ of Habeas corpus is apparent.'" <u>Huff</u>, 599 F.2d at 863 (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)).  The Court held that violation of Article IV(e) of the IAD does not rise to the level of seriousness justifying § 2255 relief absent a showing of actual prejudice. <u>Huff</u>, 599 F.2d at 863.  <u>See also</u>  <u>Mars v. United States</u>, 615 F.2d 704, 707 (6th Cir.) (violation of Article IV(e) is not cognizable under § 2255 absent a showing of actual prejudice), <u>cert. denied</u>, 449 U.S. 849 (1980). <u>Seymore v. Alabama</u>, 846 F.2d 1355, 1359 (11th Cir. 1988) ("violations of the IAD are nonfundamental defects and  --  absent a showing of some sort of prejudice -- are uncognizable in a federal habeas proceeding"), <u>cert. denied</u>, 488 U.S. 1018 (1989); <u>Metheny v. Hamby</u>, 835 F.2d 672, 675 (6th Cir. 1987) ("in the absence of exceptional circumstances, a claimed violation of Article IV(e) of the IAD is not a fundamental defect which is cognizable under 28 U.S.C. § 2254"), <u>cert. denied</u>, 488 U.S. 913 (1988).

The Eighth Circuit's holding in <u>Huff</u> is equally applicable where a § 2241 claim rests on violation of Article IV(e).   Petitioner has not alleged any facts showing that the

---

[6]   599 F.2d 860 (8th Cir.), <u>cert. denied</u>, 444 U.S. 952 (1979).

alleged violation of the Article IV(e) has caused him actual prejudice, either in his defense to the Missouri State charges or to his status in federal prison. Under the circumstances, the Magistrate Judge finds that any alleged violation of Article IV(e) of the IAD is not cognizable under § 2241.[7]

Petitioner has filed a motion for injunctive relief (# 3), requesting that the court issue an injunction directing that (1) upon his release from federal prison, he be released to "the street in Arkansas," (2) the Bureau of Prisons not release or transfer him to the State of Missouri, and (3) the State of Missouri not be permitted to remove him from federal prison for transfer to Missouri.  Petitioner's motion is moot inasmuch as he has already been released from federal prison and transferred to the State of Missouri.  Accordingly, the Magistrate Judge recommends that the motion be denied.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice to Petitioner's right to refile his petition in the district where his custodian is located. The Magistrate Judge recommends that Petitioner's motion for injunctive relief be denied.

Dated this 1st day of August, 2005.


                        _____/s/ John F. Forster, Jr._____
                        UNITED STATES MAGISTRATE JUDGE


---

[7] It is important to note that for relief, Petitioner requests, *inter alia,* that the Missouri judgment "be set aside."  A prisoner may not utilize § 2241 to challenge a state court judgment of conviction. Singleton v. Norris, 319 F.3d 1018, 1022-23 (8th Cir.), cert. denied, 540 U.S. 832 (2003); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001).